**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD WILSON; ERIC MILES, | No. 09-15347 |
| Plaintiffs - Appellants, | D.C. No. 2:06-cv-01055-JCM-GWF |
| v. | |
| STRATOSPHERE CORPORATION, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 2, 2010
Las Vegas, Nevada

Before: THOMAS, McKEOWN and BYBEE, Circuit Judges.

Appellants Edward Wilson and Eric Miles, on behalf of themselves and

others similarly situated, appeal the district court's grant of summary judgment on

their claims of consumer fraud under Nevada Revised Statute § 41.600 and unjust

enrichment. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The parties dispute whether the district court had jurisdiction over this action. Stratosphere argues that Appellants' class action does not meet the jurisdictional amount-in-controversy of five million dollars under 28 U.S.C. § 1332(d)(2). Since Appellants' complaint "alleges damages in excess of the federal amount-in controversy requirement[,]" the jurisdictional requirement "is presumptively satisfied unless it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (quotation marks and emphasis omitted). Stratosphere has failed to show to a legal certainty that the damages could not reach five million dollars. Thus, appellants pleaded sufficient facts to establish subject matter jurisdiction.

Appellants allege consumer fraud under Nevada Revised Statute § 41.600, which allows any person who is a victim of consumer fraud to bring suit. The statute defines consumer fraud as a "deceptive practice [under Nevada Revised Statute §] 598.0195." Nev. Rev. Stat. § 41.600. In turn, § 598.0915 defines a deceptive trade practice as "[a]dvertis[ing] goods or services with intent not to sell or lease them as advertised" and "[m]ak[ing] false or misleading statements of fact concerning the price of goods or services . . . ." Nev. Rev. Stat. §§ 598.0915(9), (13). Nevada Revised Statute § 598.0905 defines advertising as an "attempt by

publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation to lease or acquire any title or interest in any property." Appellants argue that Stratosphere misled them by charging a resort fee separate from the room rate, irrespective of whether the fee was disclosed or not. They offer no case law to support their argument that the mere act of charging fees separate from a room rate violates § 598.0915. They also fail to support their claim that Stratosphere advertised through Hotels.com because Stratosphere "disseminated" a room rate to Hotels.com. The contract between Stratosphere and Hotels.com demonstrates that Stratosphere had no control over the rate Hotels.com decided to charge Appellants for a room at the Stratosphere.

Appellants also argue that Stratosphere was unjustly enriched by the fee Appellants paid at check out. Their claim for unjust enrichment fails, however, because "unjust enrichment is not available when there is an express, written contract . . . ." *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Wilson signed and initialed a document agreeing to pay the five-dollar fee. Miles's girlfriend, who paid for the room, also signed the document agreeing to pay for the room. Because they entered into a written contract to pay the fee, their claim that Stratosphere was unjustly enriched fails.

3

AFFIRMED.